IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIA RUIZ,<br><br>             Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | CV F 05-0071 AWI<br>(CR F 02-5101 AWI)<br><br>ORDER DENYING PETITONER'S MOTION TO CORRECT, VACATE OR SET ASIDE HER SENTENCE PURSUANT TO 28 U.S.C., SECTION 2255<br><br>(28 U.S.C. § 2255) |

# INTRODUCTION

In this case, petitioner Elva Ruiz ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 46 months that was imposed by this court on January 12, 2004, following petitioner's entry of a plea of guilty to one count of making a false, fictitious, or fraudulent claim to the United States and aiding and abetting.

# FACTUAL AND PROCEDURAL HISTORY

Petitioner was convicted by a plea of guilty on January 12, 2004 to one felony count of making a false, fictitious, or fraudulent claim to the United States and aiding and abetting in violation of 18 U.S.C., sections 287 and 2. In the plea agreement, Petitioner agreed not to move

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

for a downward departure based on the computed offense level, criminal history category, or criminal history points as calculated by the Probation Department. Petitioner agreed that the loss for sentencing purposes was greater than $400,000. Petitioner also agreed to accept a two-level enhancement for sophisticated means and to be sentenced at the high end of the guideline range. Petitioner also waived all rights to appeal the conviction or sentence or to collaterally attack the conviction or sentence.

A Presentence Investigation Report ("PSR") was prepared by the Probation Department. The PSR calculated a base offense level of 6, to which 14 points were added because the intended loss attributable to Petitioner was greater than $400,000, but less than $1 million. Two additional points were added for sophistication and two points for a leadership role. Three points were deducted for acceptance of responsibility. The total offense level was calculated to be 21; the criminal history category was found to be I.

Judgment was entered on January 12, 2004. The instant motion to correct, set aside, or vacate the judgment pursuant to 28 U.S.C., section 2255 was timely filed on January 18, 2005.

## LEGAL STANDARD

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117

(1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  <u>United States v. Hearst</u>, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

Petitioner alleges she suffered ineffective assistance of counsel, primarily because her attorney failed to challenge certain facts set forth in the PSR pertaining to the amount of loss, the sophisticated nature of the offense, and to her role in the offence.  Petitioner also appears to allege her attorney failed to adequately communicate how the factual assertions made in the PSR would impact her sentence.  Petitioner alleges her plea was involuntary due to the failure of her attorney to adequately communicate to her the consequences of her plea agreement and the contents of the PSR.

**I. Waiver**

"The right to attack a judgment collaterally is statutory. [Citation.] A knowing and voluntary waiver of a statutory right is enforceable. [Citation.] For this reason a prisoner may not collaterally attack a judgment if the prisoner waived the right to do so."  <u>United States v. Racich</u>, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999).  However, a waiver cannot bar a claim that relates to the validity of the waiver itself.  <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9 Cir. 1993). Here, Petitioner has challenged the validity of her plea by claiming that her plea of guilty was the result of her attorney's failure to adequately challenge the factual assertions made in the PSR. Petitioner claims that his plea of guilty was the result of her attorney's ineffective assistance in failing to fully inform Petitioner of all of the implications of the PSR.

Because claims of ineffective assistance of counsel usually implicate the validity of plea agreements that are secured through the efforts of the allegedly ineffective counsel, those claims are not normally considered waived by plea agreements.  See <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1994) ("We doubt that a plea agreement could waive a claim of ineffective

assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain"); United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996) (citing Pruitt for the proposition a general waiver does not include claims of ineffective assistance brought under section 2255). This court follows Pruitt in finding Petitioner's general waiver of the right to collaterally attack the judgment or her sentence did not waive her right to petition pursuant to section 2255 on the ground of ineffective assistance of counsel.

The court notes that Petitioner's motion is worded broadly and is somewhat vague as to what rights are alleged to have been infringed. To the extent Petitioner is attempting to allege any claim other than a claim of infringement of the Sixth Amendment right to effective assistance of counsel, that claim is waived.

## II.  Effective Assistance of Counsel

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993). To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one prong. Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

Petitioner's claim fails for lack of a showing of prejudice. The charging document in Petitioner's case, the Second Superceding Indictment, alleged two felony counts; making a false

or fraudulent claim and aiding and abetting, and conspiracy to defraud the United States with respect to claims in violation of 18 U.S.C., section 286. Conviction of the second of these counts would have exposed Petitioner to a statutory maximum term twice the length of the statutory maximum term provided by the first count. The facts set forth in the PSR and not contradicted by Petitioner indicate Petitioner was prominently involved in a very large and wide-ranging conspiracy involving twenty co-defendants and encompassing a substantial portion of the state. By negotiating the guilty plea, Petitioner's counsel secured for Petitioner a lesser sentencing exposure and secured for her a three-point reduction for acceptance of responsibility; benefits that would not have been available in the absence of the plea agreement.

In exchange for the benefits realized through the plea agreement, Petitioner agreed to be sentenced at the high end of the guideline range and admitted the factual bases that were used to enhance her sentence; namely the amount of loss, the sophisticated nature of the offense, and her leadership role in the offense. Petitioner complains that she suffered a constitutional depravation when her attorney failed to challenge the amount of loss, or her leadership role. However, the admission of those facts were part and parcel of Petitioner's part of the plea bargain and there is nothing alleged or suggested that would indicate that Petitioner could have secured a similarly beneficial plea bargain in the absence of those admissions.

Further, given the nature of the offense, the number of claims against the United States, the number of co-defendants, and Petitioner's un-contradicted role in the offense, there is no reason to believe that the factors that enhanced Petitioner's sentence could not easily have been proven. It follows that there is no basis to allege that plea agreement that was negotiated and the encouragement by Petitioner's attorney that she take the plea offer were in any way the product of sub-standard representation.

Petitioner's claim of ineffective assistance of counsel is essentially a reflection of Petitioner's impression that her attorney could have done more to challenge and demand proof of all of the facts contained in the PSR that were incorporated into the calculation of her sentence,

or find facts that might mitigate her sentence.  Petitioner offers no allegation or insight as to what facts might have been found on further investigation by her attorney.  Petitioner's claim appears only to allege that, if her attorney had worked harder, he would have found some way of arguing successfully for a reduction in her sentence.  This is pure speculation and not a proper basis for the granting of habeas relief.

In sum, the facts before the court provide no basis whatsoever to support a finding of ineffective assistance of counsel.  Petitioner's counsel negotiated a plea agreement that was beneficial to Petitioner, and there is no evidence or factual allegation to support a claim that, but for ineffective assistance of her attorney, Petitioner could have received a more favorable sentence.

THEREFORE, in accordance with the foregoing discussion, Petitioner's motion to correct, set aside or vacate her sentence pursuant to 28 U.S.C., section 2255 is hereby DENIED.  Petitioner's request for assistance of counsel is also DENIED.

IT IS SO ORDERED.

**Dated:   July 12, 2007**                                     **/s/ Anthony W. Ishii**
                                                      UNITED STATES DISTRICT JUDGE